```
            UNITED STATES DISTRICT COURT FOR THE
               MIDDLE DISTRICT OF PENNSYLVANIA

ISAAC BROOKS, JR.,             :
                               :
          Plaintiff            :    No. 4:CV-05-1041
                               :
     vs.                       :    (Complaint Filed 05/23/05)
                               :
                               :    (Judge Muir)
JEFFREY BEARD, et al.,         :
                               :
          Defendants           :
```

**ORDER**

June 3, 2005

**Background**

On May 23, 2005, Isaac Brooks, Jr., an inmate presently confined in the Rockview State Correctional Institution, Bellefonte ("SCI-Rockview"), Pennsylvania, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983.  The named defendants are Jeffrey Beard, Secretary of the Department of Corrections; Franklin J. Tennis, SCI-Rockview Superintendent; Richard Eller, Health Care Administrator and the Department of Corrections.  Along with his complaint, plaintiff submitted an application requesting leave to proceed in forma pauperis under 28 U.S.C. § 1915.  The Prison Litigation Reform Act (the "Act"), Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) imposed new

obligations on prisoners who file suit in federal court and wish to proceed in forma pauperis under 28 U.S.C. § 1915, e.g., the full filing fee ultimately must be paid (at least in a non-habeas suit).  Also, a new section was added which relates to screening complaints in prisoner actions.[1]

The complaint will now be reviewed pursuant to the screening provisions of the Act.  For the reasons set forth below, the instant complaint will be dismissed, without prejudice, as legally frivolous pursuant 28 U.S.C. § 1915(e)(2)(B)(i).

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may determine that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke vs. Williams, 490 U.S. 319, 327-28 (1989); Wilson vs. Rackmill, 878

---

1.  Section 1915(e)(2) provides:
    (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

F.2d 772, 774 (3d Cir. 1989).[2]  "The frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal.  Denton vs. Hernandez, 504 U.S. 25, 33 (1992).

The plaintiff alleges that on July 29, 2003, he injured his Achilles-tendon on a two inch pipe sticking out of the floor of his cell.  He states that on July 30, 2003, he was seen in the medical department, where it was determined that plaintiff had snapped his Achilles-tendon and would have to be referred to an outside specialist.  Plaintiff was seen by the specialist who indicated that he would have to perform surgery in order to repair the tendon.  On August 8, 2003, Plaintiff was operated on and sent back to the prison the same day.  (Doc. No. 1, complaint).

---

2. Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit."  Roman vs. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss vs. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).  Clearly baseless factual contentions describe scenarios "clearly removed from reality."  Id.

Plaintiff files the instant complaint, claiming that he has not received appropriate medical treatment from the medical department at SCI-Rockview. Specifically, plaintiff states that he has never received any follow up visits or physical therapy. For relief, plaintiff seeks compensatory and punitive damages, medical attention from SCI-Rockview medical department, as well as, to be seen again by the specialist. Id.

## Discussion

In order to prevail on a claim made under § 1983, the plaintiff must satisfy two criteria: (1) that some person has deprived him or her of a federal right, and (2) that the person who caused the deprivation acted under color of state or territorial law. West vs. Atkins, 487 U.S. 42, 48 (1988); Flagg Bros., Inc. vs. Brooks, 436 U.S. 149, 155 (1978).

In the context of medical care, the relevant inquiry is whether defendants were: (1) deliberately indifferent (the subjective element) to (2) plaintiff's serious medical needs (the objective element). Monmouth County Correctional Institution Inmates vs. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987); West vs. Keve, 571 F.2d 158, 161 (3d Cir. 1979). Because only flagrantly egregious acts or omissions can violate this

4

standard, mere medical malpractice can not result in an Eighth Amendment violation, nor can disagreements over a prison physician's medical judgment. White vs. Napoleon, 897 F.2d 103, 108-10 (3d Cir. 1990). Furthermore, a complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment...." Estelle vs. Gamble, 429 U.S. 97, 106 (1976).

Assuming without deciding, that plaintiff's injury is serious in the constitutional sense, the allegations in the complaint illustrate clearly that plaintiff has received medical attention. The allegations in the plaintiff's complaint amount to nothing more than plaintiff's subjective disagreement with the treatment decisions and medical judgment of the medical staff at the prison. At most, the allegations in the complaint only rise to the level of mere negligence. As simple negligence can not serve as a predicate to liability under § 1983, Hudson vs. Palmer, 468 U.S. 517 (1984), plaintiff's civil rights complaint fails to articulate an arguable claim under § 1983. See White, 897 F.2d at 108-110.

Moreover, to the extent that plaintiff names Secretary Beard, Superintendent Tennis and Health Care Administrator Eller as defendants, claims brought under § 1983 cannot be premised on a theory of respondeat superior. Rode vs. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo vs. Goode, 423 U.S. 362 (1976); Hampton vs. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

Based on a review of plaintiff's complaint, it is apparent that he is relying solely upon a theory of respondeat superior as to these defendants. Plaintiff fails to assert that they had any personal involvement in actions which resulted in a violation of his constitutional rights. In fact plaintiff states that defendant Beard is "the head of the Department of

6

Corrections Institutions in PA" and defendant Tennis "is in charge of everything that goes on in the prison and the safety of everyone's medical care." (Doc. No. 1, p. 2). Accordingly, these defendants are entitled to dismissal.

Finally, With respect to the Department of Corrections, this defendant is an entity that is not considered a person subject to suit under § 1983. The United States Supreme Court has ruled that a § 1983 action brought against a "State and its Board of Corrections is barred by the Eleventh Amendment" unless the State has consented to the filing of such a suit. <u>Alabama v. Pugh</u>, 438 U.S. 781, 782 (1978). Pennsylvania has not consented to the filing of such a suit.

Thus, under the circumstances, the court is confident that service of process is not only unwarranted, but would waste the increasingly scarce judicial resources that § 1915 is designed to preserve. <u>See</u> Roman vs. Jeffes, 904 F.2d 192, 195 n. 3 (3d Cir. 1990).

IT IS HEREBY ORDERED THAT:

1. The motion to proceed <u>in</u> <u>forma</u> <u>pauperis</u> (Doc. No. 2) is construed as a motion to proceed without full prepayment of fees and costs and the motion is **GRANTED**.

    2.     The complaint is **DISMISSED** without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[3]

    3.     Plaintiff's motion for appointment of counsel (Doc. No. 6) is **DISMISSED** as moot.

    4.     The Clerk of Court shall **CLOSE** this case.


                        s/Malcolm Muir

                        MUIR
                        United States District Judge

MM:dlb

---

[3]. The dismissal of this action does not relieve plaintiff of the obligation to pay the full filing fee. Until the filing fee is paid in full, the Administrative Order is binding on the SCI-Rockview Superintendent and the warden of any correctional facility to which plaintiff is transferred.